IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ARMED FORCES BANK, N.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11-00974-CV-W-DGK |
| | ) | |
| JAMES GIANULIAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

This case arises out of Defendant James Gianulias granting deeds in lieu of foreclosure on four pieces of commercial real estate in California. As part of the conveyance agreement, Defendants allegedly agreed not to interfere with Plaintiffs' disposal of the property. Plaintiffs, successors by merger to the original lender, claim Defendants are violating the agreement by threatening to place $100 million of specious liens upon approximately $300 million worth of commercial real estate. Plaintiffs seek injunctive relief and damages.

Pending before the Court is pro se Defendant James Gianulias' "Motion to Dismiss for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Authority and Capacity to Sue or be Sued, Insufficiency of Process and Insufficiency of Service of Process" (doc. 8) and "Memorandum of Law in Support" (doc. 9). Defendant Gianulias filed this motion in both his individual capacity and as trustee of the James Gianulias 1998 Trust. However, this Court only considers the arguments that apply to Gianulias' status as an individual, not as trustee.[1] Plaintiffs Armed Forces Bank, N.A., French Valley Benton Road Return II, LLC, and La Quinta Quail Ridge Return II, LLC ("Plaintiffs") oppose the Motion and submit a "Plaintiffs'

---

[1] Because Mr. Gianulias is not a licensed attorney, he may not represent the trust in federal court. *Joshua Bldg. Trust v. Clementi*, 78 F.3d 588, 588 (8th Cir. 1996) ( "A nonlawyer trustee may not represent a trust pro se in federal court.")

Suggestions in Opposition to Defendant's Motion to Dismiss" (doc. 13).[2]  For the reasons discussed herein, Defendant's Motion to Dismiss is DENIED.

## Background

On May 7, 2008, James Gianulias, acting in his individual capacity and as trustee of the James Gianulias 1998 Trust, entered into four loan agreements with Bank Midwest. After he defaulted on the loans, he entered into an agreement with Bank Midwest to convey the property deeds in lieu of foreclosure. The conveyance agreement substituted the immediate transfer of property deeds from Defendants to Bank Midwest in place of foreclosure. As part of the conveyance agreement, Defendants were prohibited from pursuing any claims against the borrower. Defendants also agreed not to interfere with any of Bank Midwest's efforts to sell the property.

Bank Midwest subsequently merged with Plaintiff Armed Forces Bank. Plaintiffs French Valley Benton Road Return II, LLC, and La Quinta Quail Ridge Return II, LLC, have a current ownership interest in the realty transferred in the conveyance agreements. Thus, all Plaintiffs have an interest in the property and are owed the duties formerly pledged to Bank Midwest.

In June and August of 2011, Gianulias sent four letters to Plaintiffs and various title insurance companies. In the letters, Gianulias threatened suit against Plaintiffs, claiming that he held a lien against Plaintiffs' four properties, and asserting that Plaintiffs had defaulted on monetary obligations exceeding $100 million. Plaintiffs claim that Gianulias' letters are patently

---

[2] Plaintiffs also seek leave to amend the pleadings to correct the misidentification of a partnership. Plaintiffs admit that French Valley Quail Ridge Return II, LLC, and French Valley Silver Oaks Return II, LLC, were incorrectly named in the action instead of La Quinta Quail Ridge Return II, LLC (doc. 13, p. 6). A court may grant leave for a party to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, all Plaintiffs have an interest in the proceedings. Additionally, Plaintiffs immediately corrected the mistake after Defendant disclosed the error in his Motion to Dismiss. This correction to Plaintiffs' own name is procedural and does not create issues that affect the Defendant's substantive rights. Thus, the Court grants Plaintiffs leave to amend and accepts Plaintiffs' Amended Complaint filed November 14, 2011 (doc. 11).

false and that Gianulias' only intention is to harass Plaintiffs and create a cloud on the property titles. Plaintiffs claim that they have incurred significant costs to protect their interests in clear title to the properties.

On September 26, 2011, Plaintiffs filed suit against Gianulias in both his individual capacity and as trustee of the James Gianulias 1998 Trust alleging breach of contract, slander of title, and prima facie tort. Plaintiffs seek a preliminary injunction enjoining Gianulias from breaching the conveyance agreements, including interfering with disposition of the property. On October 25, 2011, Gianulias filed the pending Motion to Dismiss based on lack of subject matter, lack of personal jurisdiction, and insufficient service of process.

## Discussion

**A.    The Court possesses subject matter jurisdiction over this dispute.**

The threshold question in every case in federal court is whether the court possesses subject matter jurisdiction. Plaintiffs contend this court has subject matter jurisdiction pursuant to its diversity jurisdiction. Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1).

**1.    There is complete diversity of citizenship.**

Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *OnePoint Solutions, LLC, v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). A national bank is a citizen of the state where its main office, as established in its articles of incorporation, is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). A trust's

3

citizenship is based upon the citizenship of the trustee who is the real party in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462-63 (1980).

Here the complete diversity requirement is met. Viewed in his individual capacity, Gianulias is a California citizen. Thus as trustee for the James Gianulias 1998 Trust, he is also a California citizen. Plaintiff Armed Forces Bank is a Kansas citizen because that is where its main office is located. Plaintiffs French Valley Benton Road Return II, LLC and La Quinta Quail Ridge Return II, LLC are Missouri citizens because both are incorporated in Missouri. Because no Plaintiff holds citizenship in the same state as Gianulias in any capacity, there is complete diversity of citizenship.

    **2.**    **The amount in controversy requirement is satisfied.**

In a suit for injunctive relief, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced. *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). When the amount in controversy is questioned, the party asserting federal jurisdiction bears the burden of showing that the sum or value exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The sum claimed by a party in good faith is usually dispositive, unless it appears to a legal certainty the claim is for less than the jurisdictional amount. *Burns*, 820 F.2d at 248. "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to [negate] the plaintiff's good faith in asserting the claim.'" *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (quoting *JTH, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)).

4

From the Plaintiffs' perspective, the object of the litigation is to protect $300 million worth of commercial property from specious liens and maintain clean title. Thus, the action's value to Plaintiffs is more than $75,000. *See Sanchez v. Taylor*, 377 F.2d 733 (10th Cir. 1967) (finding that an action to declare the title or interest of applicant was "essentially in the nature of an action to quiet title" and determining amount in controversy by the "value of the realty directly affected"). After Plaintiff took title to the properties, Gianulias allegedly sent letters to title companies asserting Plaintiffs owed him over $100 million and that he had a legitimate legal interest in the properties. Although these claims are alleged to be patently false, they could deter a prospective buyer from purchasing the property, could inject uncertainty into a deal and delay the closing, or could increase Plaintiffs' transaction costs. Meanwhile, Plaintiffs would bear the cost of continuing to maintain the properties. Finding that clean title on $300 million of real estate is worth in excess of $75,000 to Plaintiffs, the Court holds the amount in controversy requirement is satisfied.

**B.      The Court possesses subject matter jurisdiction over Gianulias.**

In order to exercise personal jurisdiction over a non-resident defendant, the Court must determine whether the applicable state long-arm statute confers jurisdiction and whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *Falkirk Mining Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372-73 (8th Cir. 1990).

**1.      Missouri's long-arm statute provides for jurisdiction over Gianulias.**

Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact

5

business or make a contract within the state of Missouri. Mo. Rev. Stat. § 506.500.1; *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011).

Gianulias contends this Court lacks personal jurisdiction over him because he did not enter into the contract in Missouri but rather in California where he lives. Additionally, he argues that because he lacks presence in Missouri and never explicitly consented to submit to jurisdiction in Missouri, Missouri's long-arm statute cannot reach him.

The Court notes that Gianulias, both in his individual capacity and as trustee, entered into four conveyance agreements with Bank Midwest, a Missouri citizen. Paragraph 23(e) of each of these agreements states that it "shall be deemed to have been executed and shall be performed in the State of Missouri." (Doc. 1-1, 1-2, 1-3, 1-4). Gianulias signed all four agreements, and, by his signature, agreed to the terms that provided Missouri as the place of contract execution. Even if Gianulias did not physically sign the papers in Missouri, the contract terms explicitly recognize that the contract is deemed to have been executed in Missouri. Because the Long Arm Statute provides for jurisdiction over those who enter into contracts in Missouri, Gianulias falls within its reach.

### 2. Exercise of jurisdiction over Gianulias does not violate the due process clause.

Personal jurisdiction requires that the defendant establish minimum contacts in the forum, such that he could reasonably anticipate being haled into court there. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Jurisdiction is proper where the defendant takes actions that create a substantial connection between him and the forum state. *McGee v. Int'l Life Ins., Co.,* 355 U.S. 220, 223 (1957). When a defendant conducts business in a state, he has

6

Case 4:11-cv-00974-DGK   Document 29   Filed 03/30/12   Page 6 of 9

willingly "created continuing obligations between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 543 (1985). Moreover, "because his activities are shielded by the benefits and protections of that forum's laws, it is presumptively not unreasonable for him to submit to the burdens of litigation in that forum as well." *Id.* (holding that out-of-state franchisee was subject to jurisdiction in franchisor's home state because there were long-term and individual contacts with the home office and a contract with a choice of law provision).

Gianulias argues that because the contract was neither negotiated nor executed in Missouri, and because any letters sent to Missouri were not addressed to Plaintiffs, he lacks sufficient minimum contacts with the state to satisfy due process. This argument is meritless. In the course of business, Gianulias willingly entered into a contract with a Missouri entity. The contract contained a choice of law provision designating that Missouri law would apply to any future disputes. By entering into this contract, Gianulias established minimum contacts with Missouri. Although the parties disagree about the extent of Gianulias's physical presence in the forum, by entering into the conveyance agreements, Gianulias satisfied the minimum contacts requirement.

## C. Gianulias was properly served.

Finally, Gianulias argues there was insufficient service of process. Under Federal Rule of Civil Procedure 4(e), proper service can be accomplished by delivering a copy of the summons and complaint to the individual personally or by leaving a copy at the individual's dwelling with someone of suitable age who resides there. "[W]hen process or service is challenged, the plaintiff must make a prima facie showing the court's personal jurisdiction is

7

properly exercised." *Adkins v. Option One Mortg. Corp.*, No. 08-0286-CV-W-FJG, 2009 WL 35181, at *5 (W.D. Mo. Jan. 5, 2009). The filed return by the process server is prima facie proof of its contents, i.e., verification of completed service. *LNV Corp. v. Robb*, No. 11–0842–CV–W–HFS, 2012 WL 488285, at *1 (W.D. Mo. Jan. 31, 2012). The party challenging the sufficiency of service of process bears the burden of overcoming this presumption. *Advanced Lipodissolve Ctrs., LLC v. Karkkainen*, No. 4:06-CV-199, 2006 WL 3803764, at *2 (E.D. Mo. Nov. 6, 2006).

Defendant argues that service was improper because the process server did not verify the identity of the receiving party and left the summons on the driveway. In support of this contention, he submits a declaration from the process server, Cristo Arellano. Arrelano's declaration states the following:

> On October 5, 2011, I was given as assignment to do service on James Gianulias at 21 Atlantic CV, Newport Coast, CA 92657. I arrived at 7:05 P.M. I rang the doorbell several times. There was no answer and all the lights appeared to be turned off. As I was walking to my car I heard the garage door begin to open. The subject, in a hurry to leave, struck the bottom of the garage door, before it was fully retracted, with the top of his Mercedes Benz SUV. As he was backing out I thought he was going to stop to talk to me. He stared at me as he was backing up. I told him to stop and roll down his window and that I had a service for him. He refused to stop. I proceeded to drop the documents as he was backing out of his driveway. He then drove off. It was 7:10 P.M.

Defendant's Motion to Dismiss, Doc. 9, Ex. 7.

Defendant does not claim that Arellano was not at his residence. Defendant does not claim that it was not his vehicle leaving the driveway. Defendant does not claim that he was not the driver in the vehicle. According to Arellano, the driver of the vehicle struck the garage door

8

as he was leaving and refused to stop after Arellano said that he had service for him. Both the rushed departure and refusal to stop indicate intent to avoid service. Arrelano left the papers on the driveway as the driver was backing up. Not only were the papers in close proximity to the house, but the driver would have seen where the papers were placed. Defendant also does not claim that he did not receive actual notice of the claim. Because the service was in substantial compliance with Rule 4, Defendant's motion is DENIED.

## Conclusion

The Court holds it has subject matter over this dispute pursuant to its diversity jurisdiction. It further holds that Missouri's Long-Arm Statute is satisfied by Paragraph 23(e) of the conveyance agreement provision, and that exercise of jurisdiction over Gianulias does not offend due process, thus the Court has personal jurisdiction over him. Finally, the Court holds service of process was sufficient. Accordingly, Defendant's Motion to Dismiss (doc. 8) is DENIED.

**IT IS SO ORDERED.**

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

Dated: March 30, 2012