IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARMED FORCES BANK, N.A., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11-00974-CV-W-DGK |
| ) | |
| JAMES GIANULIAS, and ) | |
| JAMES GIANULIAS, AS TRUSTEE OF ) | |
| THE JAMES GIANULIAS 1998 TRUST, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

This case arises out of the parties' business relationship. Their dispute can be summarized as follows. Defendants took out several loans to develop commercial real estate in California. After these loans became due, Defendants were unable to repay and so granted to the original lender four deeds in lieu of foreclosure. As part of the conveyance agreement, Defendants allegedly agreed not to interfere with disposal of the properties. Plaintiffs, successors by merger to the original lender, claim Defendants violated this agreement by threatening to place $100 million of specious liens upon approximately $300 million worth of commercial real estate.

To enforce the agreement, Plaintiffs filed suit. Their Complaint seeks injunctive relief and damages. Defendant James Gianulias is representing himself and the Defendant trust is unrepresented.[1]

Before the Court are Plaintiffs' Motion for Preliminary Injunction (Doc. 2) and Plaintiffs' Amended Motion for Preliminary Injunction (Doc. 14). Defendants have never responded to

---

[1] Because Mr. Gianulias is not a licensed attorney, he may not represent the trust in federal court. *Joshua Bldg. Trust v. Clementi*, 78 F.3d 588, 588 (8th Cir. 1996) ( "A nonlawyer trustee may not represent a trust pro se in federal court.")

either motion, and while the Court was waiting for a response, Plaintiffs filed their Motion for Default Judgment. The Court subsequently granted the motion for default and ordered a hearing on damages which is currently set for October 11, 2012.

The Court now turns to the preliminary injunction motions. In determining whether to grant a preliminary injunction a court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Dev., LP. v. Ninth Street Partners, LLP*, 507 F.Supp.2d 1030, 1034 (E.D. Mo. 2007). An injunction is an extraordinary remedy and the movant bears the burden of establishing the need for such relief. *Id*.

The Court is not persuaded that it should enter a preliminary injunction in this case. There is no evidence on the record that Defendants are currently threatening to place liens on the properties, and the Court can consider during the damages hearing whether a permanent injunction should be entered. Consequently, the Court holds Defendants have not established the need for this extraordinary remedy, and the pending motions are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 13, 2012         /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT